### WESTERN UNION TELEGRAPH CO. v. WILLIAMS.

(Circuit Court of Appeals, Fourth Circuit. July 30, 1908.)

#### No. 794.

1. TELEGRAPHS AND TELEPHONES—DELAY IN DELIVERY OF MESSAGE—MEASURE OF DAMAGES.

In an action against a telegraph company to recover damages for the failure to properly transmit or promptly deliver a message, where punitive damages are not recoverable the injured party is entitled to recover, not according to the degree of defendant's negligence, but compensation for the injury he has actually received.

[Ed. Note.—Measure of damages in actions against telegraph and telephone companies. see notes to Western Union Tel. Co. v. Coggin, 15 C. C. A. 235; Western Union Tel. Co. v. Morris, 28 C. C. A. 59.]

2. SAME—ACTION FOR DAMAGES.

Evidence considered, and held insufficient to show that plaintiff sustained any pecuniary injury from the failure of the defendant, a telegraph company, to promptly transmit and deliver a message which entitled him to recover damages.

In Error to the Circuit Court of the United States for the Northern District of West Virginia, at Philippi.

F. B. Enslow and Herbert Fitzpatrick, for plaintiff in error.
C. O. Strieby, for defendant in error.

Before PRITCHARD, Circuit Judge, and WADDILL and BOYD, District Judges.

BOYD, District Judge. H. Gates Williams brought this suit in the circuit court of Tucker county, state of West Virginia; the same having been commenced by summons issued on the 16th of May, 1907, which was served upon the agent of the Western Union Telegraph Company, defendant, on the 17th of May, 1907. After the commencement of

the suit, upon the petition of the defendant, the same was removed for trial into the Circuit Court of the United States for the Northern District of West Virginia. Williams, the plaintiff below, and who will hereafter be referred to as the plaintiff, filed his declaration in trespass on the case, and by his suit sought to recover of the Western Union Telegraph Company, the plaintiff in error here, defendant below, which will hereafter be referred to as the defendant, damages in the sum of $2,500 for failure to deliver a telegram. The defendant filed its plea of not guilty, to which the plaintiff replied generally, which is the practice in West Virginia, and thereupon the issues were raised. The case was tried in the Circuit Court of the United States at Philippi in November, 1907, a verdict rendered by the jury in favor of the plaintiff for $125, and judgment accordingly entered. The case is before us upon exceptions taken by the defendant during the trial, upon exceptions to instructions given by the court to the jury, and upon exceptions to the refusal of the court to give instructions requested by the defendant. The testimony shows that on the 19th of May, 1906, about 7 o'clock in the evening, William M. Bliss, a resident of the borough of Brooklyn, city of New York, delivered to the agent of the defendant in Brooklyn a telegram to be sent collect, addressed to H. G. Williams, Davis, W. Va., the original of which on the face of the telegram is in the words and figures following:

The Western Union Telegraph Company, Incorporated.

24,000 Offices in America. Cable Service to all the World.

Robert C. Clowry, President and General Manager.

| Receiver's No. | Time Filed. | Check. |
| --- | --- | --- |
| 25. | 12:50 | Collect 4 ex. |

Send the following message subject to the terms on back hereof, which are hereby agreed to.

May 19th, 1906.

To H. G. Williams, Davis, W. Va.

Mr. Carminecke found dead this A. M.

31259. W. M. Bliss, 31 Brooklyn Ave.

On the back of this telegram was the following stipulation:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The 19th of May, 1906, was on Saturday, and the telegram was delivered by the company to the plaintiff at Davis, W. Va., on Sunday night following. "Carminecke," named in the telegram, was shown to have been "Godfrey Carminecke," who was the father-in-law of the plaintiff. Godfrey Carminecke lived in Brooklyn, in an apartment which he rented from William M. Bliss, the sender of the telegram. Some time during the morning of May 19, 1906, Carminecke was found dead in his room, and Bliss, after notifying by telegram a Mr. Carminecke, who was a nephew of the deceased and who lived in New York, delivered to the agent of defendant the telegram to plaintiff above set out. The plaintiff's testimony further shows that if the telegram had been delivered on Saturday night he could have left shortly thereafter on a train for New York, but the delay in delivery made it

impossible for him to leave Davis, W. Va., for New York until 8 o'clock Monday morning, May 21, 1906, and that the plaintiff did leave on a train at that hour accompanied by his wife and children, and that they arrived in New York about 1 o'clock that night. Upon his arrival he procured rooms for himself and his family, and at an early hour Tuesday morning went to the flat where Carminecke had been found dead, to look after and provide for the burial of the corpse. When the plaintiff reached the place where Carminecke was found dead, the body was in an advanced stage of decomposition, though the nephew had arrived at the place shortly after he was notified on Saturday. The services of an undertaker were secured, and after necessary preparations a vault was hired and the body deposited therein. The plaintiff then returned to his home at Davis, W. Va., and shortly thereafter made another trip to New York to look after some effects which the deceased had left. The damages claimed by the plaintiff are based upon the alleged fact that by reason of the delay in delivering the telegram he did not have time to make arrangements for attention to his business during his absence in New York, and he states in his testimony that this caused an expenditure of some $20 or $25. He further contends that having arrived at New York in the night and being compelled to remain in the apartments which he had employed for his family until the next morning, and because of some irregularity in the car service he had to hire carriages, which cost him $10. A further element of damages is the fact that he states if he had had the telegram delivered in time his second trip to New York would not have been necessary, and also that he is entitled to have returned to him a certain amount which he paid for packing and crating some of the effects of the deceased which were allotted to the plaintiff's wife and which he packed and shipped to Davis, W. Va., and upon which he paid the freight. He made a further claim for an alleged expenditure of a small amount for things he had bought for his children. Also he claimed damages for an alleged overcharge by the undertaker, which he said was $150, when $75 was a reasonable compensation therefor, but during the progress of the trial it was ascertained this last item was paid from the estate of the deceased, and the court held it could not be sustained as an element of damages.

We have examined with care the testimony in this case, and our conclusion is that it was error in the trial court not to direct a verdict for the defendant as requested at the close of the testimony. Taking all of the plaintiff's testimony, and indeed all of the testimony in the case together, we cannot see any ground to hold that by reason of the delay in delivering this message he sustained any pecuniary damage. If the telegram had been delivered on Saturday night, plaintiff says he would have left on the first train. Then, if it was necessary for him to incur an expenditure to provide some one to attend to his business, he had no more time to do it if the telegram had been delivered to him when he says it should have been than he did when it was actually delivered, and this item of expenditure would have been necessary in any event, if necessary at all. It cannot be said that the fact that he secured rooms and maintenance for his family and himself when he got to New York was any unusual expense which would not

have been incident to the trip whenever made, nor is the fact that he employed carriages to be considered exceptional so as to constitute an element of damage. There is no evidence to show that if plaintiff had gone at the shortest moment after the telegram was sent that the expenses incident to the securing of a vault would not have been incurred, so we feel compelled to eliminate this item. The plaintiff does not advise us as to the things he bought for the children, so we are left to assume that they were such as the necessities of the trip required, and therefore they would have been necessary whenever the trip was made. Plaintiff seemed to have relied largely upon the position that the nondelivery of the telegram caused him to return to New York to look after the property and thus incurred the expense of a second trip, because, he said, on the trip to the funeral he did not have time to do this. It appears in the record that the deceased father-in-law left some estate, and from this the undertaker's charges and the rental of the vault were paid, and there remained a quantity for distribution among the children. In this plaintiff's wife had an interest. He returned to New York, the property was divided among the next of kin, and the portion which came to plaintiff's wife he caused to be crated and shipped to Davis, W. Va., and he paid the freight on it. Now, how the cost of this trip and the expenditure incident to the crating and shipping of that property can be an element of damages in this case we frankly admit we are unable to see.

In actions of this character, seeking damages resulting from failure to properly transmit or promptly deliver telegraphic messages, the injured party is entitled to recover, not according to the degree of negligence of the company, but compensation for the injury he has actually received, and this rule applies except in cases where punitive damages may be allowed. This latter element, however, does not enter this case, so, taking all the evidence, we readily conclude that there was no pecuniary damage resulting to the plaintiff because of the nondelivery of the telegram in question, and, being of this opinion, we think it was error in the court below not to instruct the jury as requested to return a verdict for the defendant. Another exception in the case is upon the refusal of the court to instruct the jury that, plaintiff having failed to present his claim in writing within 60 days after the filing of the message, his recovery was barred. We do not deem it necessary, in view of what we have said heretofore, to pass upon that question for, as we have stated, upon the testimony as delivered in the case, with all reasonable and legal deductions and inferences to be drawn therefrom, plaintiff's contention for damages cannot be sustained.

The judgment of the Circuit Court for the Northern District of West Virginia is therefore reversed.

Reversed.